PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. et al. (two cases).

GUARANTY TRUST CO. OF NEW YORK v. SAME.

(Circuit Court, S. D. New York.   November 3, 1910.)

Nos. 2—9, 2—33, 2—149, 3—37.

STREET RAILROADS (§ 58*)—INSOLVENCY AND RECEIVERS—DISTRIBUTION OF AS-
SETS.

A petition for the apportionment of a fund, realized by the receivers of
an insolvent street railroad company from the compromise of two suits,
between the suits, and for the payment of one part thereof to petitioners
as receivers for another company, referred to a special master.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135;
Dec. Dig. § 58.*]

In Equity.   Suits by the Pennsylvania Steel Company and others
against the New York City Railway Company and others, and by the
Morton Trust Company and the Guaranty Trust Company of New
York against the Metropolitan St. Ry. Co. and others.   On applica-
tion by receivers of the Metropolitan Street Railway Company.   Re-
ferred to special master.

These are applications in reference to the disposition of the proceeds
of the settlement of the two suits, prosecuted by receivers of the New
York City Railway Company, which settlement was approved by this
court in memorandum filed July 10, 1910.   See 180 Fed. 514.

Byrne & Cutcheon, for Pennsylvania Steel Co. and others.
James L. Quackenbush, for New York City Ry. Co.
Dexter, Osborn & Fleming, for receiver of New York City Ry. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Davies, Stone & Auerbach, for Guaranty Trust Co.
Bronson Winthrop, for Morton Trust Co.
Turner, Rolston & Horan and Bronson Winthrop, for Farmers' Loan
& Trust Co.

LACOMBE, Circuit Judge.   When application was recently made by
contract creditors of the New York City Railway to direct its receiver
forthwith to pay their claims out of the money received upon said
settlement, the court called attention to the circumstance that no ap-
portionment had yet been made of the lump sum paid in settlement of
the two actions between said actions, and also stated that it was under-
stood that the Metropolitan Street Railway claimed to be entitled to
the whole or some part of the proceeds of the action at law which was
settled.   The receivers of the Metropolitan have petitioned in substance
that the sum paid in settlement be apportioned between the two suits,
and that the proceeds of the action at law be paid over to them.   The
receiver of the New York City Railway Company and other parties
have filed answers.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This petition involves questions which may call for the taking of testimony, and may more appropriately be first considered by the special master. An order may be entered sending the petitions and all the answers to him, with instructions to examine and report as to the following questions:

(1) In what proportion should the net proceeds of the settlement be apportioned between the two actions?

(2) To what, if any, part of the proceeds of the action at law is the Metropolitan Street Railway Company entitled?

(3) If it be entitled to any part of such proceeds, whether there are any persons, creditors or others, who are entitled to payment of their claims out of said proceeds?